EDWARD P. IRWIN, ET AL., *v.* ALBERT R. CUNHA.

No. 1660.

EDWARD P. IRWIN, ET AL., *v.* BEN HOLLINGER.

No. 1661.

PETITION FOR REHEARING.

FILED APRIL 5, 1926.                    DECIDED APRIL 10, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

*Per Curiam.* The petitioners' motion for a rehearing is based upon the ground that the court in rendering its opinion of March 25, 1926, "apparently overlooked certain important contentions made in behalf of the petitioners." Six such contentions are stated in the motion. One of them is "that, by statutory enactment of January 1, 1893 (§1, Rev. Laws), the common law doctrine as to forfeiture of public office—as set forth in the case of Regina v. Ipswich as well as in the case of Rex v. The Corporation of Wells—had become established as the law of Hawaii until the legislature should see fit to change it." Another is "that, under the former case—apparently not considered by this court—two absences by a public officer were held to warrant a forfeiture of office, when 'he *wilfully* and *voluntarily neglected* to attend,' 'though no inconvenience ensue by his non-attendance;' and that, under the latter case, while a single instance of non-attendance at a meeting 'at which nothing of importance was likely to happen' ('when no particular business was expected') is sometimes excusable, nevertheless, even a single instance is not excusable if there has been, on the part of the public officer, 'a *determined* neglect' or 'a *wilful* refusal' to attend."

The case of *Regina* v. *Ipswich* is reported in 2 Lord Raymond 1233 and was decided in 1705 and that of *Rex* v. *The Corporation of Wells* is reported in 4 Burrow 1999 and was decided in 1767. Both of these cases were carefully considered by the court prior to the filing of its opinion. We did not and do not understand either of them to hold that while one absence of an officer from a meeting may be excused, more than one cannot under any circumstances be excused. On the contrary, the case of *Rex.* v. *The Corporation of Wells* is authority for the view that whether any one or more absences are to be excused depends upon the surrounding circumstances; and we quoted from the opinion in that case in support of that view of the law. The cases cited do not disclose any rule at the common law inconsistent with our decision.

The remaining grounds of the motion for a rehearing have been likewise considered. None of the contentions of the petitioners were overlooked. The motion is denied under the rule without argument.